UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                               Plaintiff,<br><br>      v.<br><br>BEHAILU SAMUEL FEYISSA,<br><br>                              Defendant. | NO: 2:22-CR-0046-TOR-1<br><br>ORDER DENYING MOTION TO WITHDRAW PLEA OF GUILTY |

BEFORE THE COURT is Defendant's Motions to Withdraw Guilty Plea (ECF No. 76) and Motion to Expedite (ECF No. 77). The Defendant is represented by Justin Lonergan of the Federal Defenders of Eastern Washington and Idaho. The Government is represented by AUSA Daniel H. Fruchter. The Court has reviewed the motions and accompanying pleadings, the record and files herein, and heard from counsel and is fully informed.

ORDER DENYING MOTION TO WITHDRAW PLEA OF GUILTY ~ 1

1   Defendant asserts that "intervening circumstances [ ] have undermined Mr.

2   Feyissa's trust and confident (sic) in the impartiality of the criminal justice

3   system." ECF No. 76. Specifically, Defendant alleges that:

> Then came the intervening circumstances of the United States authorizing a misdemeanor tax resolution and felony gun charge diversion for Mr. Hunter Biden, the son of the sitting President of the United States. *See* Exhibits A and B.1 Putting aside the competing politics, the agreement is so problematic in this case because it has fundamentally undermined Mr. Feyissa's perception of the fairness of the criminal justice system. It is not difficult to see why.

*Id.* (footnote omitted). Defendant contends his reasonable concerns over the integrity of the justice system provide "fair and just" grounds to grant his request to withdraw his plea. Defendant disputes the United States' charging decision in this case.

## DISCUSSION

Where, as in the instant matter, a defendant enters a guilty plea and a court accepts it, a defendant does not have an unequivocal right to withdraw the plea. In recognizing the finality that attaches to the entry of a plea and the great care that is given to them under Rule 11, the Supreme Court cited the 1983 Advisory Committee Notes to Rule 32(e) as follows:

> "Given the great care with which pleas are taken under [the] revised Rule 11, there is no reason to view pleas so taken as merely 'tentative,' subject to withdrawal before sentence whenever the government cannot establish prejudice. 'Were withdrawal automatic

ORDER DENYING MOTION TO WITHDRAW PLEA OF GUILTY ~ 2

in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. In fact, however, a guilty plea is no such trifle, but a "grave and solemn act," which is "accepted only with care and discernment.""

*United States v. Hyde*, 520 U.S. 670, 676-77 (1997) (emphasis added, citations omitted).

Fed. R. Crim P. 11 was amended in 1975 to provide greater safeguards to the defendant before the court accepted a plea. Thus, withdrawal of a plea is to be interpreted to reinforce Rule 11 as amended, to give guilty pleas more finality. *United States v. Rios-Ortiz*, 830 F.2d 1067, 1069 (9th Cir. 1987). Allowing a defendant to withdraw his or her guilty plea simply on a lark, would "degrade the otherwise serious act of pleading guilty into something akin to a move in a game of chess." *Hyde*, 520 U.S. at 676-77. Moreover, it has been uniformly rejected that a defendant can withdrawal his plea unless the United States shows prejudice by the withdrawal. *Id.* Were it otherwise, plea proceedings would become time-consuming formalities with no lasting effect.

Accordingly, Defendant does not have an absolute right to withdraw his plea in this case. Defendant offers what he perceives as unfairness in the way another case, not before this Court, was handled by the United States. Defendant provides no compelling reason, other than to assert that his plea is not fair.

ORDER DENYING MOTION TO WITHDRAW PLEA OF GUILTY ~ 3

Pursuant to Fed. R. Crim P. 11(d)(2)(B), a defendant may seek to withdraw a plea of guilty if he can "show a fair and just reason for requesting the withdrawal." A defendant bears the burden of demonstrating a "fair and just reason" and the decision to allow withdrawal of a plea is plainly within the discretion of the district court. *See United States v. Showalter*, 569 F.3d 1150, 1156 (9th Cir. 2009).

The Ninth Circuit has provided examples of "fair and just reason" that meet the Rule 11 standard such as: inadequate Rule 11 plea colloquies; newly discovered evidence; intervening circumstances; erroneous legal advice; or any other fair and just reason for withdrawing the plea that did not exist when the Defendant entered his or her plea. *See United States v. Ensminger* 567 F.3d 587, 590-93 (9th Cir. 2009). However, in promoting the finality of the solemn nature of guilty pleas, the Ninth Circuit has observed that defendants have been known "to toy with courts by belated attempts to change their minds about having pleaded guilty" (*United States v. Cook*, 487 F.2d 963 (9th Cir. 1973)), and that a guilty plea is "not a placeholder that reserves [a defendant's] right to our criminal system's incentives for acceptance of responsibility unless or until a preferable alternative later arises." *Ensminger,* 567 F.3d at 593.

Defendant recites to plea negotiations in an unrelated case. The Court, however, is forbidden from negotiating a plea. Fed. R. Crim. P. 11(c)(1) ("The court must not participate in these discussions."). While the Court will later

ORDER DENYING MOTION TO WITHDRAW PLEA OF GUILTY ~ 4

exercise its judicial discretion as contemplated by the Rule 11(c)(1)(C) plea, that judicial discretion does not encompass negotiating a plea.  *See* Rule 11(c)(3)(A) ("[T]he court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.").

In sum, Defendant now complains, several months after pleading guilty, that he negotiated a plea that he no longer thinks is fair.  That is not a fair and just reason to allow withdrawal.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Expedite (ECF No. 77) is **GRANTED**.

2. Defendant's Motion to Withdraw Guilty Plea (ECF No. 76) is **DENIED**.

**IT IS SO ORDERED**.  The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

DATED September 14, 2023.



                                   THOMAS O. RICE
                          United States District Judge

ORDER DENYING MOTION TO WITHDRAW PLEA OF GUILTY ~ 5